# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 16, 1907.

ALICE C. HELM, EXECUTRIX,
VS.
GEORGE E. DOWELL AND G. EDWIN DOWELL.

*W. Burns Trundle* for plaintiff.
*Thomas Mackenzie* for defendants.

**ELLIOTT, J.—**

A consideration of the exceptions taken to the several auditors' accounts in this cause, has led me to the following conclusions:

1st. That the guaranty of $6,000 a year to G. Edwin Dowell does not relieve him from sharing in all losses made by his firm, in his proportion of thirteen and one-third per cent., except in a case where, and then only so far as such sharing would reduce his compensation below $6,000. And, as in the present case, his share of profits is nearly $10,000, while his share of losses would be less than $2,100, he would still have much more than the guaranteed amount.

2nd. That the estate of Helm being entitled to share in all business done to July 1st, 1904, as it was undoubtedly responsible for all contracts made before that date, must have its share of the net profits of said business, whenever the goods were delivered.

3rd. That as the Helm estate does not share in the profits of business done after July 1st, 1904, it will not be charged with any share of the expenses of new business done after July 1st, 1904.

4th. That as $2,500 per year was taken as representing the loss by reason of the death of one of the partners, which loss was to the business, that sum must go to the credit of the firm, to be shared in by the partners in their several proportions, and as the time for which the firm was entitled to Helm's services, the firm terminating July 1st, 1904, was three months and twenty-six days from March 5th, 1904, his estate is to be charged for that time and the firm credited.

5th. That interest is to be allowed on the share of Helm still remaining unpaid, said interest to date from January 1st, 1905.

6th. That the costs of this litigation should be charged against the partnership, and be paid by the partners in the proportion of their holdings.